**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Grand Canyon Skywalk Development, LLC, a Nevada limited liability company, et al.,<br><br>Plaintiffs<br><br>v.<br><br>David John Cieslak, an individual, et al.,<br><br>Defendants | Case No.: 2:15-cv-00663-JAD-GWF<br><br>consolidated with<br>2:15-cv-1189-JAD-GWF<br><br>**Order Overruling Objections to Orders Denying Motions to Quash Subpoenas on Gallagher & Kennedy and Glen Hallman, Esq.**<br><br>[ECF 29, 34**]** |

     This consolidated subpoena-enforcement action spun out of litigation[1] between the developers of the Grand Canyon Skywalk (a tourist attraction built on tribal land in the Grand Canyon) and Scutari & Cieslak (a public-relations firm hired by the Hualapai Indian Tribe). The developers claim that when the relationship between the Tribe and the project's developers began to fracture, Scutari & Cieslak launched a defamatory public-relations campaign designed to disparage the developers, who then sued the firm and its principals (collectively, "S&C") for defamation and conspiracy. As an affirmative defense, S&C allege that they acted in good faith and on the advice of attorneys from the law firm of Gallagher & Kennedy, PA ("Gallagher"), who served as the Hualapai Tribe's hired counsel, and S&C filed third-party claims for indemnity and contribution against the Tribe. I dismissed those third-party claims based on the Tribe's sovereign immunity.[2]

     In the course of discovery, S&C subpoenaed documents from Gallagher and served a deposition subpoena on Glen Hallman, Esq.—a Gallagher attorney who worked on the Skywalk matter. Gallagher and the Tribe moved to quash both subpoenas, claiming they are shielded from compliance by the Tribe's sovereign immunity and attorney-client privilege. Magistrate Judge

---

[1] 2:13-cv-596-JAD-GWF.

[2] 2:13-cv-596-JAD-GWF at ECF 143.

George Foley rejected the sovereign-immunity claim but held that some of Hallman's confidential communications with S&C are protected from disclosure by the Tribe's attorney-client privilege.[3] Gallagher and the Tribe object to both orders. After a de novo review, I agree with the magistrate judge's tribal-immunity and attorney-client privilege analysis, and I extend his privilege ruling to any confidential communications between S&C *and any of the Tribe's Gallagher attorneys* regarding the statements that S&C made about the developers.

## Background

### A.    The Motions to Quash

In their motions to avoid the document and deposition subpoenas, Gallagher and the Tribe argued that as attorneys for, or consultants to, the Tribe, they enjoy the Tribe's sovereign immunity from this legal process.[4] When moving to quash the Hallman deposition subpoena, Gallagher raised the additional argument that Hallman's confidential communications to S&C are protected by the Tribe's attorney-client privilege with Gallagher and its attorneys.[5] Gallagher did not make the same argument in its motion to quash the document subpoena, but it did mention it in its reply brief.[6]

### B.    The Magistrate Judge's Orders

After full briefing and two hearings, Magistrate Judge Foley found that neither Gallagher nor Hallman is protected from the subpoenas based on tribal sovereign immunity.[7] He refused to consider Gallagher's claim that the items sought by the document subpoena are protected by the Tribe's attorney-client privilege because that argument was not raised until the reply brief.[8] But Gallagher fully briefed the issue in its later motion to quash the Hallman deposition subpoena, and the magistrate judge found that the confidential communications in which Hallman provided legal

---

[3] ECF 28 in both cases.

[4] ECF 1, 17; ECF 1 in 15cv1189 (which has been consolidated into this case); *see* ECF 33.

[5] ECF 1 in 15cv1189 at 8.

[6] ECF 1, 15.

[7] ECF 28; ECF 28 in 15cv1189.

[8] ECF 28 at 14.

advice to S&C regarding the statements that S&C made about the developers are within the scope of the Tribe's attorney-client privilege and cannot be compelled by deposition. He also found, however, that Hallman's knowledge of relevant, nonprivileged information remains discoverable.[9]

Gallagher and the Tribe object to both orders.[10] They disagree with the magistrate judge's conclusion that tribal immunity does not shield Gallagher or Hallman from these subpoenas and his decision not to consider whether the items sought by the document subpoena are protected by the Tribe's attorney-client privilege. They do not challenge the magistrate judge's conclusion that Hallman's legal advice to S&C about its communications regarding the developers is protected by the attorney-client privilege.

## Discussion

**A.    Standard of Review**

A district judge reviews non-dispositive determinations made by a magistrate judge under a clearly erroneous or contrary-to-law standard.[11] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[12] Review of legal conclusions to determine whether they are "contrary to law" is de novo.[13]

**B.    Analysis**

Magistrate Judge Foley's detailed orders denying the motions to quash the subpoenas cover nearly 40 pages and catalog the jurisprudence on these narrow sovereign-immunity issues. On the document subpoena, he agreed with the Tenth Circuit's view in *Bonnet v. Harvest (U.S.) Holdings,*

---

[9] ECF 28 in 15cv1189 at 23–24.

[10] ECF 29 (Gallagher & Kennedy subpoena), 34 (Hallman subpoena).

[11] 28 U.S.C. § 636(b)(1)(A); LR 3–1.

[12] *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[13] *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).

*Inc.*,[14]—which he also found supported by the District of Arizona's analysis in *United States v. Juvenile Male 1*[15]—"that a federal civil subpoena served on an individual tribal officer or employee . . . does not trigger tribal sovereign immunity," so the Tribe's sovereign immunity does not "protect or excuse" Gallagher from complying with the document subpoena.[16] And for the deposition subpoena, he bolstered his earlier tribal-immunity discussion with additional authority and concluded that the Ninth Circuit will agree with the courts that view protection of the sovereign's treasury as the goal of sovereign immunity—a goal that is not impacted by the deposition subpoena on Hallman.[17] Although Gallagher and the Tribe object to this reasoning and urge me to conclude otherwise,[18] I am unpersuaded by their arguments. After de novo review and careful examination of Magistrate Judge Foley's extensive authority and reasoning, I agree with his conclusions and overrule Gallagher and the Tribe's objections on the tribal-immunity issue.

The same goes for the magistrate judge's conclusion that "confidential communications in which Mr. Hallman provided legal advice" to S&C regarding the statements that S&C made about the developers "are within the scope of the Tribe's attorney-client privilege" because S&C was then "the functional equivalent of a tribal employee and the legal advice appears to have been provided with respect to its actions on behalf of the Tribe or its officers."[19] Gallagher and the Tribe do not object to this holding,[20] and I agree with it.

I also agree with Magistrate Judge Foley's refusal to consider the Tribe's privilege argument

---

[14] *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155 (10th Cir. 2014).

[15] *United States v. Juvenile Male 1*, 431 F. Supp. 2d 1012 (D. Ariz. 2006).

[16] ECF 28 at 13–14.

[17] ECF 28 in 15cv1189.

[18] ECF 29, 34.

[19] ECF 28 in 15cv1189 at 23.

[20] ECF 34 at 1.

with respect to the document subpoena because it was not raised until the reply brief.[21]  But it would be incongruous[22] to affirm his application of the attorney-client privilege protection for the Hallman deposition yet not recognize the same protection for other confidential communications that would be responsive to the document subpoena served on Gallagher.  So I adopt Magistrate Judge Foley's analysis in section B of the discussion section of his deposition subpoena order[23] and extend his conclusion to protect confidential communications in which *any Gallagher attorney* provided legal advice to S&C regarding the statements that this PR firm made about the developer.  Accordingly, to the extent that the document subpoena on Gallagher seeks confidential communications in which a Gallagher attorney provided legal advice to S&C regarding the statements that S&C made about developers Grand Canyon Skywalk Development, LLC, DY Trust, or Theodore R. Quasula, the Tribe's attorney-client privilege protects those documents from production.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the **Objections to Order Denying Motion to Quash and Request for Review [ECF 29] are OVERRULED, and the Magistrate Judge's Order regarding the motion to quash the document subpoena [ECF 28] is affirmed except as stated herein;**

IT IS FURTHER ORDERED that the **Objection to Order Granting Motion to Quash Without Prejudice [ECF 34] is DENIED, and the Magistrate Judge's Order regarding the motion to quash the deposition subpoena on Glen Hallman [ECF 28 in 2:15-cv-1189-JAD-GWF] is affirmed.**

. . .

---

[21] ECF 28 at 14.

[22] The magistrate judge's holding in this regard was not incongruous because of the order in which these motions were filed and decided.  The analysis is different now because I am reviewing the orders and objections together.

[23] ECF 28 in 15cv1189 at 10–23.

And, finally, because the resolution of these objections terminates the only issues remaining in these limited-purpose actions, **the Clerk of Court is instructed to CLOSE these consolidated cases.**

DATED this 7th day of March, 2016

_____
Jennifer A. Dorsey
United States District Judge